CARMEN DEL TORO RODRÍGUEZ ET AL., Petitioners, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 40. Argued April 10, 1945.—Decided May 28, 1945.

*Damián Monserrat, Jr.,* and *Gabriel de la Haba* for petitioners. *Jesús A. González, Acting Attorney General,* and *A. D. Marchand Paz, Deputy Attorney General,* for the Treasurer of Puerto Rico, intervener and respondent in the main proceeding.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The facts and proceedings which have given rise to the present appeal are as follows:

Fernando del Toro Saldaña died in Madrid, Spain, on November 7, 1936, leaving an open will executed on February 25, 1931.

On October 6, 1937, the District Court of Humacao decreed the judicial administration of the estate of Mr. Del Toro, as it was alleged in the petition that he was absent

from the Island, his whereabouts were unknown, and he had no legal representative in Puerto Rico. The court appointed Attorney Francisco González Fagundo as administrator, and the latter held that office until May 3, 1943, when the administration ceased.

Carmen and María de la Cruz del Toro y Rodríguez, Spanish citizens residing in Madrid, who are the sole and universal heirs of their father Don Fernando, appointed Attorney Damián Monserrat Suro as their representative to claim and take possession of the estate held under judicial administration.

Seeking to comply with the statute regarding the payment of the inheritance tax, the attorney for the heirs submitted to the Treasurer of Puerto Rico a sworn notification of the death of the decedent together with a statement specifying the amount, valuation, description, and location of the estate of the decedent for the purpose of the determination of the amount of the inheritance tax. According to the return filed, which was based on the assessment made for property tax purposes, said estate was valued at $186,090. As evidence of said death there was attached to the affidavit an "Abridged certificate (en relación) regarding the death of the decedent."

The Treasurer of Puerto Rico ordered a reassessment of the hereditary property, raising the valuation thereof to $374,009.59, and imposed on each of the heirs a tax of $18,606.23, or a total of $37,212.46, plus interest thereon at the rate of 1 per cent monthly from May 1, 1937, until fully paid.

Feeling aggrieved by the action of the Treasurer, the representative of the heirs petitioned the District Court of Humacao for an order directing the judicial administrator to appeal to the Tax Court by paying the part of the tax not protested, that is, on the basis of a valuation of $186,090, the share to be paid by each heir being $7,004.50, or a total

of $14,009, plus interest at the rate of 1 per cent monthly from May 7, 1937, to November 7, 1942, the total sum to be deposited in the Treasury in connection with such appeal being $23,395. The heirs alleged that they lacked money in cash with which to make such deposit, and that the only property and funds available to them were those held by the administrator. At the hearing of the petition, the heirs introduced as evidence of the death of the decedent the identical certificate which had been submitted to the Treasurer together with the notification of death. The administrator objected to the admission of that document and the court denied the petition, on the ground that the abridged (*en relación*) death certificate was not the best evidence to establish the death, and the heirs were thus precluded from resorting to the Tax Court in order to defend their rights.

Upon learning of the petition of the heirs for the payment of the inheritance tax by the judicial administrator, the latter wrote to the Treasurer stating that the assets of the estate had been frozen by order of the Federal Secretary of the Treasury; that he did not know whether the death of Mr. Toro had been proved by means of the certificate required by § 69 of the Law of Evidence; that in order to be entitled to file a declaration for inheritance tax purposes it was necessary to be in possession of the estate; that Mr. Monserrat was not entitled to file a declaration regarding a estate of which he did not hold possession and which was in *custodia legis* and, furthermore, frozen; that the heirs should first apply to the proper court for the purpose of establishing their right to the inheritance and then request the termination of the administration and the delivery of the estate, whereupon they would be bound to follow the proper procedure for the payment of the inheritance tax.

On April 15, 1943, the attorney for the heirs addressed a letter to the Treasurer, stating that he agreed with the position taken by the judicial administrator, and requesting him to set aside all the proceedings previously taken. The

Treasurer refused to do so, on the ground that the liquidation made by him was correct and that the heirs should pay the tax without further delay.

On March 19, 1943, the heirs filed a petition for the termination of the administration, and in support of their petition they filed certified copies of the death certificate and of the will of the decedent. Said petition was sustained and on July 6, 1943, the assets of the estate were delivered to Gregorio Vázquez, agent of the heirs. On August 9, 1943, the agent appointed by the heirs filed a notification of death with the Treasurer of Puerto Rico, in order that the amount of the inheritance tax to be paid by the heirs should be fixed. The Treasurer thereupon advised said agent that the tax had already been liquidated on June 29, 1942, at the request of Attorney Monserrat. After a reconsideration of such ruling was requested and denied, the heirs filed their complaint with the Tax Court, praying for the annulment of the rulings of the Treasurer. Said complaint was dismissed, and the heirs thereupon instituted the present proceeding and in support thereof they have urged that the Tax Court erred (a) in holding that even though the attorney in fact of the heirs had not held the possession and administration of the estate, he was bound to notify the death of the decedent to the Treasurer; (b) in declaring that it lacked jurisdiction to take cognizance of the case; and (c) in holding as fully applicable to this case § 7 of Act No. 99 of August 29, 1925, as amended by Act No. 20 of November 21, 1941.

The first question to be decided is whether the notification of the death of Mr. Del Toro, made by Attorney Monserrat, was valid and, as such, binding upon the petitioning heirs.

Section 5 of Act No. 99 of August 29, 1925 (Laws of 1925. p. 790), as amended by Act No. 136 of May 6, 1939 (Laws of 1939, p. 672), in its pertinent part provides as follows:

"Section 5.—It shall be the duty of every *administrator, executor,* or *trustee,* or of any one of them acting in Puerto Rico, and of every ancillary administrator, agent *or person lawfully authorized to administer the estate* or any portion thereof in Puerto Rico, to transmit to the Treasurer of Puerto Rico within the sixty days following the date of the death of the decedent whom he represents, *a sworn notification of the death* of said decedent, stating plainly: The name and residence of said decedent; etc. And any administrator, executor or trustee failing to file said notification with the Treasurer, within the period herein specified, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be personally liable to a fine of from one hundred (100) to one thousand (1,000) dollars; etc. (Italics ours.)

Section 14 of the same Act provides that "the word 'administrator' shall be held to include any heir, relative or other beneficiary of any decedent *who may have charge of the disposition and apportionment of the property of such decedent.*" (Italics ours.)

Taking together the provisions of both Sections, the conclusion is unavoidable that it is not enough that a person be an heir or relative of a decedent in order that such person be charged with the obligation which the law imposes on the administrator, executor, or trustee, to transmit to the Treasurer of Puerto Rico a sworn notification of the death of the decedent. For such an obligation to fall upon an heir, relative, or beneficiary it is an indispensable requisite that he or she should have charge of the disposition and apportionment of the property of the decedent or be the person legally authorized to administer said property. It would be absurd to hold that the lawmaker has intended to impose that obligation on all the heirs, including those who may repudiate the inheritance, and on all the relatives, including those who may have no interest whatsoever in the estate.

The petitioning heirs, at the time of the filing of the first notification, were not in possession of the estate nor had charge of the distribution or division thereof nor were they legally authorized to administer it. It has been admitted by

both parties that, at time of the transmission of the first notification, said estate was under the custody of the District Court of Humacao and that the administration thereof, as property belonging to an absentee, had been entrusted to Attorney Francisco González Fagundo.

Section 5A of said Act No. 99 of 1925, as amended by Act No. 34 of 1935 (Spec. Sess. Laws of 1935, p. 420), provides that whenever any heir has no money in cash with which to pay the inheritance tax, the Treasurer is authorized to permit the executor or administrator to sell or encumber such portion of the estate as may be necessary to raise funds to pay said tax. In the case at bar, the estate was not held by an executor or testamentary administrator. It was in *custodia legis,* as property belonging to an absentee, and hence neither the Treasurer nor the heirs were empowered to dispose of it without previous authorization from the court. The heirs applied for authorization to have the administrator pay with funds of the inheritance the part of the tax which they admitted they were bound to pay and said authorization was denied, as the petitioners had failed to establish in proper form the fact of the death of the decedent.

Under the above-stated circumstances, we are of the opinion that it would be unjust to hold that the petitioners were wholly precluded from their right to appeal to the Tax Court by reason of the act performed by their attorney in fact in transmitting to the Treasurer of Puerto Rico a notification of death which they themselves were not legally empowered to transmit.

The Tax Court erred in holding that the notification of death submitted by Attorney Monserrat was legally effective.

██ The second question to be decided is whether the Tax Court acquired jurisdiction to take cognizance of the complaint filed on October 21, 1943, by the heirs against the action of the Treasurer in returning on October 5, 1943, the petition filed on August 9, 1943, by the manager of the es-

tate for the determination of the inheritance tax and in maintaining the validity of the assessment made by virtue of the notification of death transmitted by Attorney Monserrat.

The contention of the Treasurer is based on the following grounds: (a) that the appellants had permitted to elapse the statutory period for taking an appeal from the decision of the Treasurer to the Tax Court; and (b) that the appellants have failed to pay the part of the tax with which they agreed, in accordance with the provisions of § 7 of the Inheritance Tax Law, Act No. 99 of 1925 (Laws of 1925, p. 790), as amended by Act No. 20 of November 21, 1941 (Spec. Sess. Laws, p. 64).

Before entering into a discussion and determination of the jurisdictional question raised by the Treasurer, we should state that we do not agree with his contention that the notification of death and the petition for the assessment of the tax to be paid by the heirs, filed on August 9, 1943, by the manager of the estate should be considered as a motion for reconsideration of the decision of the Treasurer, dated September 30, 1943, fixing the amount of the tax on the basis of the notification of death transmitted by Attorney Monserrat. We have already held that said notification is void and of no legal effect. In consonance with that holding, we must now decide that the petition filed with the Treasurer on August 9, 1943, by said manager should be considered as an original petition and the only one legally submitted to the Treasurer for the liquidation of the inheritance tax.

With this explanation we now turn to consider and determine the jurisdictional question.

Section 7 of the Inheritance Tax Law, as amended by Act No. 20 of 1941, reads as follows:

"Section 7.—Whenever any person affected by the above-mentioned appraisal or assessment does not agree with any of them, or whenever for any reason he believes that he should not pay, in whole or in part, such inheritance tax based on said appraisal and

assessment as he may be notified of by the Treasurer, and he may wish to appeal to the Court of Tax Appeals, he shall pay, within the ninety (90) days following the date on which the Treasurer notified him of such tax, the part thereof with which he agrees, and within the thirty (30) days following said payment he shall file his appeal against the part with which he does not agree by means of the complaint provided for in the Act creating said Court of Tax Appeals; *Provided,* That said court shall not acquire jurisdiction unless (1) the payment of the tax not protested shall have been made within the aforesaid term of ninety (90) days, and (2) the receipt for said payment, or a certified copy thereof, is made a part of the complaint."

Did the Treasurer, after receiving the notification of death transmitted by the said manager, comply with the requisites set forth in § 6 of the Inheritance Tax Law by making "a fair and proper appraisal" of the estate, informing the manager of the result of such appraisal, and advising him of the amount of the tax to be paid by the heirs?

It is an admitted fact that on August 17, 1943, that is, eight days after receiving the notification of death and the documents attached thereto, the Treasurer returned them to said manager with a letter stating that the case had already been submitted to the department on June 29, 1942, by Attorney Monserrat, and that the tax had been determined and imposed under date of September 30, 1942. In other words, the Treasurer insisted on the validity of the valuation and assessment made by him on the basis of the notification of death transmitted by Attorney Monserrat, which we have held to be void and ineffective. It is evident that the purpose of the Treasurer in refusing to consider the petition of the manager and in returning the documents was to deprive the heirs of their right to appeal on the ground that the statutory period therefor had fully expired.

Section 6 of the Inheritance Tax Law provides that whenever it is so ordered by the Treasurer, the appraisers of the department shall make a fair and proper appraisal of the estate. "and the result of such appraisal shall be reported

to the Treasurer of Puerto Rico as well as to the administrators, executors, and trustees of said estate.'' How could the administrator know whether the appraisal made by the department was fair and proper when the Treasurer, instead of advising him of the result of the appraisal made, returned the documents and confined himself to the statement that the valuation had already been made nearly a year before and that the amount to be paid was $37,212.64? How could it be possible for the administrator or heirs to appeal to the Tax Court from an appraisal of the estate the result of which had not been communicated to them by the Treasurer?

In the complaint filed with the Tax Court, the appellants prayed for relief as follows:

(a) That the liquidation and imposition of the tax dated September 30, 1942, be declared void and of no legal effect.

(b) That the declaration submitted by the manager of the estate under date of August 9, 1943, in order that a new liquidation should be made, be considered so as to give the complainants an opportunity to request and obtain a review of the decision of the Treasurer.

Act No. 169 of May 15, 1943 (Laws of 1943, p. 600), in its pertinent part provides as follows:

''Section 4.—The Tax Court shall have exclusive jurisdiction to take cognizance of all cases of revision of the assessment . . . and of all actions, *proceedings*, special or extraordinary remedies, and *claims of any kind*, relating to or affecting the *levying*, collection, payment, return, or reimbursement of all kinds of taxes, including . . . inheritance . . . taxes, etc. This jurisdiction, however, cannot be pleaded before the court by any person *until there has been a proper administrative* decision in the matter on the part of the Treasurer of Puerto Rico, according to law.'' (Italics ours.)

The decision dismissing the complaint for lack of jurisdiction should be affirmed but for reasons other than those set forth in the opinion of the Tax Court.

Since the action taken by Attorney Monserrat was void and ineffective, the Treasurer of Puerto Rico should have

received and considered the notification of death and the petition filed on August 9, 1943, by the manager of the estate as an original petition for the determination of the amount of the inheritance tax and he should have proceeded to make an appraisal of the estate and to assess the tax in accordance with the provisions of the Inheritance Tax Law. If the Treasurer had already made an appraisal of the estate and a liquidation of the tax, it would have been very easy to render an administrative decision based on such appraisal and liquidation and to serve notice thereof on the manager of the estate in order that the latter might have an opportunity to appeal to the Tax Court within the 30 days following the date of the service of notice of said administrative decision, in accordance with the provisions of §§ 3 and 4, as amended by Act No. 169 of 1943.

We have already seen that, according to the above-quoted Section of Act No. 169 of 1943, the jurisdiction of the Tax Court can not be invoked by any person, "until there has been a proper administrative decision in the matter on the part of the Treasurer of Puerto Rico, according to law." In the instant case there is no administrative decision of the Treasurer from which an appeal may be taken to the Tax Court. The matter involved was the appraisal of an estate and the determination of the amount to be paid as inheritance tax. The Treasurer failed to notify (a) the result of the appraisal and (b) the amount of the tax to the manager of the estate. He merely returned the notification and proof of death together with the remaining documents and insisted on the validity and effectiveness of his previous action.

Since there was no administrative decision of the Treasurer, rendered according to law, the petitioning heirs were not entitled to invoke the jurisdiction of the Tax Court. The complaint filed by them on October 21, 1943, was premature and should have been dismissed on that ground.

The question having been raised in the instant case as to whether a taxpayer who appeals from an administra-

tive decision of the Treasurer to the Tax Court relating to the appraisal of an estate for inheritance tax purposes, must comply with the requisites of § 7 of the Inheritance Tax Law, *supra*, by paying the part of the tax with which he agrees, and taking into account the fact that the instant case will probably be resubmitted to the Tax Court, we now proceed to consider and determine such question.

Section 7 of the Inheritance Tax Law, *supra*, provides that any person who wishes to appeal from an appraisal or assessment made by the Treasurer must pay, "within the ninety days following the date on which the Treasurer notified him of such tax," the part thereof with which he agrees. It further provides that "within the thirty days following said payment he shall file his appeal against the part with which he does not agree"; and that the Tax Court shall not acquire jurisdiction unless (1) the tax not protested is paid within the term of 90 days, and (2) the receipt showing such payment is attached to the complaint.

Act No. 169 of May 15, 1943, which was approved subsequent to § 7 of the Inheritance Tax Law, provides that all remedies which must be substantiated before the Tax Court, including inheritance tax cases, shall be instituted by means of a sworn complaint of the interested party, which must be filed "within the thirty days following the date of the service of notice thereof by the Treasurer of Puerto Rico." The later statute, Act No. 169 of 1943, is silent as to the necessity for paying a part of the tax not protested in order that the Tax Court may acquire jurisdiction.

Section 3 of Act No. 169 of 1943, provides: "All laws, resolutions, or parts thereof in conflict herewith are hereby repealed." There is a manifest conflict between the period of four months granted by § 7 of the Inheritance Tax Law, *supra*, for taking an appeal to the Tax Court and the period of 30 days fixed for the same purpose by Act No. 169 of 1943. Applying the rule that in case of conflict between two statutes, the latest enactment will control, it being the last

expression of the legislative will, we hold that an appeal to the Tax Court from an administrative decision of the Treasurer of Puerto Rico, making the appraisal of an estate and determining the tax to be paid, must be taken within the 30 days following the service of notice of the decision of the Treasurer.

There is no conflict whatsoever between the requisite set forth in § 7 of the Inheritance Tax Law, regarding the payment of the part of the tax not protested and the provisions of Act No. 169 of 1943. See *Treasurer* v. *Tax Court*, 64 P.R.R. 575, and *Mayagüez Lt., P. & I. Co.* v. *Tax Court*, *ante,* p. 28. We hold that the payment of the part of the tax with which the appellant agrees, is an essential requisite for vesting the Tax Court with jurisdiction; that said payment must be made within the period of 30 days, granted by Act No. 169 of 1943, for taking an appeal; and that a receipt showing the fact of such payment must be attached to the complaint and in the absence thereof the Tax Court can not acquire jurisdiction.

The decision sought to be reviewed will be affirmed and the case remanded to the Tax Court with directions to dismiss the complaint for want of jurisdiction, without prejudice to any right which the petitioning heirs may have to resubmit their petition to the Treasurer of Puerto Rico for the appraisal of the estate and the determination of the amount of the inheritance tax and to appeal to the Tax Court should they feel aggrieved by any administrative decision rendered by the Treasurer and notified to them according to law.